**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:26-CR-61-CHB-MAS**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**V.**                                   **AGREED PROTECTIVE ORDER**

**BRAILEN LEE WEAVER**                                                          **DEFENDANT**

\* \* \* \* \* \* \*

The Court has been informed that the United States and the Defendant have agreed to a protective order regarding the handling of certain discovery materials that have been provided, and that will be provided, by the United States to counsel for the Defendant. The United States and counsel for the Defendant have proposed terms of such an agreed order, as evidenced by the signature of counsel for the Defendant and the United States.

Accordingly, the Court, being sufficiently advised, HEREBY ORDERS as follows:

1. That by agreement of the parties, no audio recordings, video recordings, photographs, or written materials containing statements and other information pertaining to the victim, and civilian witnesses, including any criminal history information, phone extractions, and social media and telephone records, will be disseminated to anyone other than counsel for the Defendant and any authorized person. Such items are "sensitive materials." Authorized persons who may review the sensitive materials include defense

counsel's employees or associates who are working on this case, as well as any defense consultants and/or experts. Authorized persons also include employees of any jail or prison where the Defendant is incarcerated while acting in their official capacity at the request of defense counsel to facilitate the Defendant's review of sensitive materials.

2.  That by agreement of the parties, the Defendant may have access to the sensitive materials *only* under the supervision of his defense counsel or any authorized person.

3.  The Defendant shall not be provided with his own copy of any of the above referenced recordings, media, or documents.

4.  No sensitive materials may be left unattended at any place where they can be taken or copied by an unauthorized person.

5.  No person may publicize, nor make known to an unauthorized person, the content of any of the sensitive materials, except for use in any court filing or proceeding as necessary to the defense of this case.

6. The parties shall confer and agree about the unredacted, unsealed filing of sensitive materials in the Court record.

7.  Upon completion of this case, including any appeal, all sensitive materials shall be returned to the prosecution upon request by the prosecution.

7.  The United States will identify sensitive materials on the discovery receipt(s).

8. Grand Jury transcripts provided to counsel for the Defendant by the United States shall be governed by Paragraphs 1 through 6 of this Order.

9. No person or entity authorized to have access to sensitive materials under the

terms of this Order shall input, transmit, upload, process, generate output from, or otherwise expose any sensitive materials received pursuant to this Protective Order to any artificial intelligence ("AI") tool without prior written notice to, and corresponding receipt of acknowledgement from, the government.  "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.   When providing written notice for the otherwise prohibited use of an AI tool, defense counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any Sensitive Materials for model training, nor (ii) expose any sensitive materials to third parties not authorized under this Protective Order to receive such materials.  In addition, defense counsel must certify that: (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any sensitive materials, and (ii) defense counsel will ensure the deletion of all sensitive materials from the tool at the conclusion of this case. Defense counsel will be responsible for destroying such information at that time.  Under no circumstances will any member of the defense team submit sensitive materials to a publicly accessible AI system that retains and uses submitted data to train models.  Such AI tools pose unique risks to the security and integrity of sensitive materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

Dated: <u>June 3, 2026</u>

HAVE REVIEWED AND AGREED:


s/ *Mary Melton*
Mary Melton
*Counsel for the United States*


s/ *Ron L. Walker*
Ron L. Walker
*Counsel for the United States*


s/ *Patrick F. Nash*
Patrick F. Nash
*Counsel for William Dixon*


s/ *Thomas C. Lyons*
Thomas C. Lyons
*Counsel for Deangalo Boone*

4