UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5:26-CR-061-CHB-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAILEN LEE WEAVER, | ) | **ORDER GRANTING MOTION** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the parties' Joint Motion to Continue Trial. [R. 17]. Therein, the parties cite the complexity of the case and the defendant's need to compile information relevant to the Attorney General's decision on whether to seek the death penalty as justification for the joint motion. *Id.* at 1. The parties specifically request the Court continue the trial and pretrial deadlines generally while holding intermittent status conferences to discuss (1) the defendant's progress in compiling and presenting mitigation evidence and, (2) the United States' progress towards making a death-penalty decision. *Id.* Accordingly, having reviewed the motion, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The Joint Motion to Continue Trial, [**R. 17**], is **GRANTED.**

2. Trial. The **Jury Trial** currently set for July 28, 2026, is **REMANDED** from the Court's docket and **CONTINUED GENERALLY**, pending further orders of the Court.

3. Pretrial Filings. All pretrial filings and deadlines as set forth in the Court's Standing Pretrial and Trial Management Order, [**R. 22**], are **CONTINUED GENERALLY** and shall be reinstated relative to new trial date when that is reset.

1

4.        An in-person **Status Conference** is **SET** for **Wednesday, July 22, 2026, at the hour of 10:00 a.m**., before the Honorable Claria Horn Boom, United States District Court Judge, at the United States Courthouse in **Lexington, Kentucky**.

5.        Speedy Trial Act. The time between the current trial date of **July 28, 2026,** and the rescheduled trial date, is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(iv). The Court **FINDS** that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, even though this case, taken as a whole, is not so unusual or so complex as to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), failure to grant this continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to the need for Defendant to compile mitigation information in advance of the Attorney General's decision on whether to seek the death penalty. 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(iv). The Court **HOLDS** that the joint motion is not made for the purpose of undue delay, nor is this continuance granted "because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

This the 17th day of June, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

2